OPINION
{¶ 1} This matter is before the court on the pro se Notice of Appeal of defendant-appellant, Gary M. Rogers, filed March 3, 2006. The parties' final decree of divorce was filed in 1998, and a Decree of Shared Parenting Plan was filed on March 26, 1998, approving the parties' shared parenting plan. There have been multiple post-decree filings and appeals. The parties have six children, four of whom are minors. The shared parenting plan provided that plaintiff-appellee, Mary C. Rogers, would be the residential parent and legal custodian of the parties' children, and that Mr. Rogers would pay child support in the sum of $181 per child each month.
 {¶ 2} On April 27, 2004, Mr. Rogers filed a "Motion for Deviation from Child Support Guidelines, also Modify Shared Parenting Decree." As to the requested modification of child support, Mr. Rogers advised the court that "the reason for this request is that Defendant would be willing to provide the court with income, etc. and also sections 3119.23 or 3119.24 of the Revised Code." As to the requested modification of the shared parenting decree, Mr. Rogers advised the court that "the reason for this request is due to the fact that the Plaintiff, Mary C. Rogers, thru [sic] Stacey Rogers out on street, and until a determination can be made by this court as to the Plaintiff's ability to properly supervise the other party's children also with the best interest of the children." A hearing was held on Mr. Rogers' motion on July 27, 2004, and the court entered a Decision that provided as follows:
 {¶ 3} "Defendant's request for a deviation is found not well-taken and denied. However, both parties are ordered to submit their new calculation for child support given the new circumstances. The new circumstance is that the Defendant, by consent of the Plaintiff, shall be designated as residential parent and legal guardian of the parties' minor child, Stacey Rogers * * *. There was no showing that the CSEA [Child Support Enforcement Agency] did or did not have the Plaintiff's tax return. Therefore, the CSEA shall produce to the Court all exhibits received at the administrative hearing."
 {¶ 4} Mr. Rogers, however, did not assume custody of Stacey, and Ms. Rogers, on January 4, 2005, filed a Motion to Modify the Agreed Amendment to Shared Parenting Plan. A hearing was held on May 25, 2005 on Ms. Rogers' motion. Further, on May 27, 2005, Ms. Rogers filed a Motion for Emergency Modification of the Agreed Amendment to the Shared Parenting Plan after Stacey attempted suicide while under Mr. Rogers' supervision. The trial court granted Ms. Rogers' emergency request on the same day it was filed. On September 8, 2005, the trial court vacated the amendment to the shared parenting plan and reinstated the original decree of shared parenting. The court determined that the "amount of Court ordered child support shall be reflective of the Decree of Shared Parenting dated March 26, 1998, beginning July 25, 2005." The court determined that Ms. Rogers was entitled to back child support for Stacey for the period of July 27, 2004 through July 25, 2005, since Mr. Rogers had not assumed residential custody and had not paid child support for Stacey during this period.
 {¶ 5} The Butler County CSEA then calculated Mr. Rogers' support obligation consistent with the language of the trial court's order dated September 8, 2005 which reinstated the original decree of shared parenting, including child support, and the agency issued an administrative default recommendation on December 5, 2005. According to the default recommendation, Mr. Rogers owed $181 per month per child for the four minor children. Mr. Rogers requested a reversal of the CSEA's administrative findings of fact, and the trial court held a hearing on January 18, 2006. On February 6, 2006, the trial court denied Mr. Rogers' request. The court noted that "[p]rincipal among the Defendant's objections is his belief that the agency did not support its decisions with a child support calculation worksheet." The court determined that "a review of the record establishes that the agency did rely upon a worksheet previously provided to both parties." We note that a support calculation worksheet is, in fact, part of the record.
 {¶ 6} "A decision regarding the modification of child support will not be disturbed absent an abuse of discretion by the trial court." Booth v. Booth (1998), 44 Ohio St.3d 142, 144. An abuse of discretion suggests more than an error of law or judgment, but instead implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Absent an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. 66 Ohio St.3d 619, 621,1993-Ohio-122.
 {¶ 7} Mr. Rogers asserts five assignments of error herein which we will address together as they all relate to his child support obligation. According to Mr. Rogers, the trial court erred by: (1) "not obtaining the necessary financial information requested of CSEA regarding judgment entry of July 27, 2004"; (2) "not verifying the income of appellant and appellee"; (3) "not presenting and finding in its Entry to justify its decision"; (4) "not calculating child support pursuant to the basic child support guidelines"; and, (5) "not completing a child support calculation worksheet and including it in the record."
 {¶ 8} We note initially that Mr. Rogers has submitted a baffling brief. Mr. Rogers purports to appeal the trial court's February 6, 2006 denial of his request for a reversal of the CSEA's administrative findings of fact. His brief, however, is directed at the trial court's failure to complete and file a child support computation worksheet pursuant to its July 27, 2004 decision. Mr. Rogers' brief then concludes as follows: "Respectfully request that the court reverse the decision of trail [sic] court finding of September 8, 2005."
 {¶ 9} As the trial court correctly noted at the January 18, 2006 hearing on Mr. Rogers' request for a reversal of the CSEA's administrative findings of fact, Mr. Rogers had 30 days to appeal the trial court's denial of his Motion for Deviation from Child Support Guidelines. App.R. 4(A). Mr. Rogers, however, took no appeal from the July 27, 2004 ruling. Further, as Ms. Rogers correctly asserts in her brief, "[e]ven if the Court did err by not completing a worksheet back in 2004, the need to complete a worksheet was alleviated by the fact [that Rogers] never took custody of Stacey after the July 27, 2004 Judgment Entry" designating him the residential parent and legal custodian of Stacey Rogers. In fact, on September 8, 2005, the trial court vacated the July 27, 2004 decision when it reinstated the decree of shared parenting dated March 26, 1998. The trial court also specifically ordered CSEA to calculate child support based upon the original decree. CSEA then calculated Mr. Rogers' support obligation based upon the child support computation worksheet completed in March 1998. We note that at no time after his Motion for Deviation from Child Support Guidelines was denied by the trial court in 2004 did Mr. Rogers file a subsequent request for deviation due to a change of circumstances pursuant to R.C.3119.79.
 {¶ 10} Mr. Rogers has failed to show that the agency made a mistake of fact in calculating his child support, and the trial court correctly denied his request for a reversal of the CSEA's administrative findings of fact. There being no abuse of discretion, Mr. Rogers' assignments of error are overruled, and the judgment of the trial court is affirmed.
Brogan, J. and Fain, J., concur.
Brogan, J., Fain, J., and Donovan, J., of the Second District Court of Appeals, sitting by assignment of the Chief Justice of Ohio, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.